Reese, J.
delivered the opinion of the court.
This is a petition for a mandamus filed in the circuit court of Carroll county in order to compel one of the defendants, the entry-taker for that county, to receive and enter upon his general plan, an entry by the petitioners to him tendered on the 1st day of January, 1838. The circuit court upon the facts presented in the record ordered and adjudged that a peremptory mandamus should issue, &c. And the defendants have appealed to this court.
The main facts upon which the controversy has arisen, and by which it must be determined, are as follows, to wit: on the 12th day of September, 1821, a certain R. E. C. Dougherty made an entry as follows, to wit: “No. 877, R. E. C. Dougherty by vir *332 tue of certifícate No. 284, for 2,500 acres, issued by the cominís* sioners of West Tennesseee to Samuel Chambers and others, en* ters the same in 12th district, range- 2 and 3, and section 4, beginning on the south-west corner of entry 263, running west” &c. This entry was placed upon the general plan and 'remains there still. Of the land covered by the above entry, R. E. C. Dougherty on the 8th of November, 1824, by deed of bargain and sale with covenant of general warranty, conveyed 274 acres to Henry Forest, reciting in said deed that it was part of a 2,500 acre tract granted to the said Dougherty by the State of Tennessee. And on the 1st of August. 1823, the said Dougherty by deed with like warranty conveyed 228 acres, another portion of t he land covered by said entry, to R. B. Edwards, another of said defendants. On the 11th of June, 1828, he conveyed another portion of the same to the said Edwards,, containing 125 acres, and on the 27th of July, 1827, he conveyed 400 acres of said entry to defendant Wm. Parker. These deeds were all duly registered.
On the 1st of January. 1825. the said Dougherty made another entry as follows, to wit: “No. 1961, State of Tennessee, 12th district, R. E. C. Dougherty by virtue of certificate No. 284, for 2,560 acres, enters the same in range 2, section 3, beginning south-west of entry No. 91,” &c. The land covered by this-entry lies some 5 or 6 miles from that covered by the other. On the 26th day of January, 1827, a grant from the State of Tenneesee was issued to the said R. E. C. Dougherty which recited, “that by virtue of certificate No. 284, dated the 5th day of August, 1809, issued by the commissioners for West Tennessee to Samuel Cummins, jr. for 2,500 acres and entered on the 12th day of September, 1821, by No. 877, there is granted by the State of Tennessee to R. E. C. Dougherty as assignee of said Cummins a certain tract or parcel of land, containing two thousand five hundred acres by survey, bearing date the 12th day of June 1822, lying in 12th district in Carroll county in the 2nd and 3d sections of 2nd range, and bounded as follows, to wit, beginning on,” &c. Here follows a local description of boundary, covering the land contained in the entry of 1825. During this time and before the first entry, the said Dougherty was surveyor general of the said 12th district. The defendants have continued since the date of their deeds, respectively in possession, occupation and cultivation of the lands conveyed thereby. For the petitioners it has been contended that *333 the entry of the 1st of January, 1825, purporting to be upon, or by virtue of a certificate of the same number of the 12th of September, 1821, namely, No. 284, is a vacation or withdrawal of the said last mentioned entry, at all events, in legal operation and effect; and if that were not so, it is contended that the grant of 1827, although not purporting to be founded upon the entry of 1825, yet by its locative calls covering the land contained therein, extinguishes, or at least draws to it, the entry of the 12th of September, 1821; and therefore, that the land which had been covered by the last entry was vacant and unappropriated when the petitioners presented their entry to the entry-taker, on the 1st Jan., 1838. On the other side and for the defendants, it has been insisted that the entry of 1825 was not intended to vacate or withdraw the entry of 1821, because the former was not in fact vacated or withdrawn, but still remains upon the general plan of said district, and because the said entry does not pretend to be founded upon the same certificate, except merely as to the identity of the No. of the certificate, it not reciting the same warrant by reference to the assignee, and being for á different number of acres, to wit, for the amount of 2,560; and if it were intended to re-enter the same warrant and vacate the first entry, that such intention could not legally take effect, and such second entry would be null and void by'the provisions of the act of 1821, ch. 31. And they deny that the grant issued in 1827 will vacate and extinguish the entry of 1821, because the said grant upon its face does not purport to be founded on the entry of 1825, but on that of 1821, referring to the latter by its date, by its quantity and by description of the warrant, and purporting to include land surveyed in 1822, prior to the entry of 1825. And they deny that because the locative calls of the grant is for other land than that entered and surveyed, that the grant, under the circumstances and by operation of law, will draw the entry and survey to itself, the locative calls of which are equally specific and distinct. But they insist on the contrary, that the entry and survey will draw the grant to them, and clothe themselves with it,it being the object of the law and of the State to confer the legal title of a grant upon those owning and entitled to the equitable estate, in the land entered, arising from the entry itself, and the survey under it; and they insist that it would be competent for them (who have been long in the possession of the land entered, and, as they insist, intended to have been granted,) by application to the proper *334 court and making the proper parties, to have the calls of the grant so amended as to cover the land and conform to the calls of the entry and survey.
We are of opinion, that a controversy between the claimants under the second entry, and those under thefirst, as to whichwouldbe entitled to the protection of the grant to their possession, would involve, under the circumstances and for the reasons above set forth, much and serious difficulty. The claimants under the second entry are not before us in this contest, and we deem it, therefore, here improper to adjudicate upon their rights. But, for the facts, and upon the grounds, above enumerated, we are of opinion that we should not be justified, in the present aspect of the case, to determine that the land in question is vacant and unappropriated, and was subject on the 1st day of January, 1838, to the entry of the petitioners.
If the general conclusion at which we have arrived, resulting from the aspect of the whole case, needed to be fortified by minor considerations, we might add that a clear case ought to exist before the court should feel called on, by their mandate to the entry-taker to interfere with the actual possession of cultivated land, long occupied, under an entry still existing upon the general plan, and under deeds of conveyance duly registered, when we reflect with what anxiety the legislature in the 11th section of the act of 1837, ch. 1, have endeavored to perfect the possession of an occupant notwithstanding any informality, defect or omission in the certificate or probate of occupancy, or in the transfer of the same, declaring that the “possession shall bar all other claimants, and be notice against all claims or suits, legal or equitable.”
And again, the 10th section of the statute just above referred to, declares “that the several county offices shall be and remain open from and after the 1st day of January, 1838,” &c. The entry of the petitioners was tendered on the 1st day of January, 1838. It is very far from certain that the office was on that day open by law, for the reception of entries.
Upon the whole we are of the opinion that the judgment of the circuit court should be reversed; that the petition be dismissed, and that the defendants go hence, &c.